OPINION
PER CURIAM.
Petitioner, Ingrid Tjan, seeks review of the Board of Immigration Appeals’ (“BIA”) final order of removal. The government has moved for summary action. Because the appeal presents no substantial question, see Third Circuit LAR 27.4 and I.O.P. 10.6, we will grant the motion and deny Tjan’s petition.
I.
Tjan is a native and citizen of Indonesia. On June 1, 2006, she applied for asylum, withholding of removal, and relief under the Convention Against Torture claiming that she would be persecuted on account of her Chinese ethnicity and Buddhist religion if she were forced to return to Indonesia. Following a hearing, an Immigration Judge (“IJ”) denied her applications, but permitted her to voluntarily depart the United States. Tjan filed an administrative appeal.
On August 15, 2008, the BIA dismissed the appeal and ordered Tjan to leave the country within forty-three days of the date of that order. Tjan did not depart as ordered. Instead, on October 10, 2008, after the forty-three-day departure period had expired, she filed a motion to reopen her proceedings with the BIA so that she could pursue an application for adjustment of status based on her recent marriage to a United States citizen.
By order entered March 30, 2009, the BIA denied the motion on the ground that Tjan was ineligible to adjust her status because she had remained in the country beyond the voluntary departure period. See 8 U.S.C. § 1229c(d)(l)(B). Tjan then moved for reconsideration on the ground that her husband’s 1-130 petition had just been approved, but the BIA denied her request, reiterating that she was statutorily ineligible to adjust her status. See id. Tjan filed a timely petition for review of the BIA’s decision denying her motion for reconsideration.[1] The government now moves for summary action.
II.
In its motion for summary action, the government argues that the BIA did not *286 err in denying Tjan’s motion for reconsideration because Tjan’s failure to depart within the specified forty-three-day period renders her ineligible to adjust her status. See 8 U.S.C. § 1229c(d)(l)(B). We agree. In her motion for reconsideration, Tjan provided evidence that her husband’s I-130 petition had been approved on April 6, 2009. As the BIA explained, however, the fact that the visa petition had been approved did not affect its previous determination that she is statutorily ineligible to adjust her status under 8 U.S.C. § 1229c(d)(l)(B).
We have considered Tjan’s arguments in opposition to the government’s motion for summary action and conclude that they are without merit. First, Tjan argues that the BIA violated her due process rights, and its own decision in Matter of Velarde-Pacheco, 23 I. & N. Dec. 253 (BIA 2002), by failing to consider the evidence she submitted in support of her motion for reconsideration' — ie., her husband’s approved 1-130 petition. Our review of the record, however, reveals that the BIA did indeed consider this evidence, only to determine that it did not provide a basis for reconsideration. Next, Tjan argues that the BIA failed to give proper weight to the “express public policy preferences” of Congress and the courts to keep families of United States citizens and immigrants united. While we do not disagree with this general policy statement, we believe that Congress has made its intent clear in 8 U.S.C. § 1229c(d)(l)(B) that an applicant like Tjan, who had been permitted to depart voluntarily but failed to do so within the specified period, is ineligible to adjust her status under 8 U.S.C. § 1229b. Finally, we have considered Tjan’s discussion of the Supreme Court’s decision in Dada v. Mukasey, 554 U.S. 1, 128 S.Ct. 2307, 2319, 171 L.Ed.2d 178 (2008), but conclude that her reliance on this case is misplaced, as Dada concerned a petitioner who — unlike Tjan — moved to reopen proceedings before the voluntary departure period had expired.[2] See id.
For the foregoing reasons, we will grant the government’s motion and summarily deny the petition for review. See Third Cir. LAR 27.4; I.O.P. 10.6.

. We review the denial of a motion for reconsideration for an abuse of discretion. Nocon v. INS, 789 F.2d 1028, 1032-33 (3d Cir.1986). Under this standard, we may revérse the BIA’s decision only if it is “arbitrary, irrational, or contrary to law.” Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir.2002).

. Tjan also argues that her due process rights "were violated by the fact that the IJ and the Board, without any explanation, arbitrarily granted the Petitioner a 43 day period of voluntary departure following the conclusion of her hearing, rather than a 60 day voluntary departure period, which is the maximum period of time permitted by the statute.” (Opp. to Motion for Summary Disposition 10.) However, because Tjan did not petition for review of the BIA's order permitting her to voluntarily depart, we lack jurisdiction to review that order.